```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
TIRSO CANARIO-DURAN, *pro se*,             :
                                            :
                    Plaintiff,              :
                                            :
           -against-                        :          **SUMMARY ORDER**
                                            :          10-CV-1736 (DLI) (LB)
DR. MICHAEL BORECKY, PHYSICIAN'S            :
ASSISTANT NUÑEZ, and MR. M. ITTAYEN,        :
                                            :
                    Defendants.             :
----------------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff filed the present *pro se* action on April 15, 2010. Plaintiff's complaint alleges that, from September 2, 2009 through December 2009, defendants in the medical department of the Metropolitan Detention Center in Brooklyn, New York, denied plaintiff appropriate medical care for his right eye. As a result, plaintiff states that his right eye is no longer the same size as his left eye, he is having vision problems, and he will need surgery. Plaintiff has not contacted the court since filing his complaint.

On April 26, 2010, the court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket Entry 4.) A copy of the Order was sent to plaintiff at the address listed on the complaint, but it was returned as undeliverable with the notation "Return to Sender-Refused; Unable to Forward." (Docket Entry 5.) On June 23, 2010, the court re-mailed the Order to plaintiff at a second address he had provided on his complaint: 514 18th Street, Apt. 3L, Union City, New Jersey 07087. However, that mail was also returned as undeliverable, with the notation "Not Available As Addressed, Unable to Forward." (Docket Entry 8.)

On July 22, 2010, the court issued an Order directing plaintiff to provide his current address by August 23, 2010. (Docket Entry 9.) The Order also notified plaintiff that, should he

1

fail to contact the court to provide a current address, his case would be dismissed. (*Id.*) Copies of that Order were sent to both of the addresses plaintiff had provided in his complaint, and they were both returned as undeliverable. (Docket Entries 10, 11.) Finally, on August 27, 2010, the court re-mailed the Order to plaintiff's second address, this time noting "c/o Mercedes Bonilla." That mailing was not returned as undeliverable.

On September 30, 2010, defendants' counsel informed the court that plaintiff was deported from the United States to the Dominican Republic on April 21, 2010, and that neither the Department of Homeland Security nor the Bureau of Prisons has any information on plaintiff's current address. (Docket Entry 16.) Counsel also told the court that individuals who have answered the telephone at numbers associated with plaintiff's last known address in Union City, New Jersey, have disclaimed any knowledge of plaintiff. (*Id.*)

On October 13, 2010, the court issued a notice of impending dismissal for failure to prosecute, notifying the plaintiff that, notwithstanding his deportation to the Dominican Republic, he retains the obligation to advise the court of his current contact information. The Order provided that, if plaintiff failed to provide his updated contact information by October 29, 2010, his action would be dismissed.

Plaintiff is obligated to notify the court when he changes addresses. *See Concepcion v. Ross*, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This obligation applies to *pro se* litigants as well as represented parties. *See id.* at *1; *see also Handlin v. Garvey*, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of one's current address is "an obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, the court may deny that litigant relief. *See, e.g.*,

*Dong v. United States*, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

In sum, plaintiff has not taken any steps to pursue this action since he filed his complaint on April 15, 2010. Nor has plaintiff contacted the court or defendants to provide a current address. Plaintiff has apparently abandoned the action. The court therefore dismisses plaintiff's action without prejudice. The Clerk of Court shall enter judgment and mail a copy of this Order, the judgment and appeal instructions to the addresses on record for plaintiff. The court denies *in forma pauperis* status for the purpose of any appeal under 28 U.S.C. § 1915(a)(3). *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2011

/s/
DORA L. IRIZARRY
United States District Judge